SALLIE MARX, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Marx v. Commissioner
Docket No. 8867-77.
United States Tax Court
T.C. Memo 1978-80; 1978 Tax Ct. Memo LEXIS 441; 37 T.C.M. (CCH) 388; T.C.M. (RIA) 780080; February 27, 1978, Filed *441 Sallie Marx, pro se. Joan Ronder Domike, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case is before the Court on respondent's motion, pursuant to Rule 40, Tax Court Rules of Practice and Procedure, to dismiss the petition for failure to state a claim upon which relief can be granted. Arguments on the motion were heard in New York City on February 13, 1978. Respondent determined a deficiency of $197 in petitioner's Federal income tax for the year 1975. We must decide whether the petitioner is entitled to a claimed deduction for a "casualty loss (war loss)" in the amount of $2,630. Petitioner was a legal resident of New York, New York, when she filed her petition in this case. In her Federal income tax return for 1975 the petitioner claimed a "war loss" deduction of $2,630. Her petition alleges that respondent erred in not allowing the claimed deduction to "a person whose basic ethical and moral precepts require that s/he not pay for war or serve in the armed forces." She relies upon certain "facts," namely, (1) that the payment of taxes to support a military establishment and preparation for war violates her basic convictions; *442 (2) that the power of Congress to tax is not absolute; and (3) that the First Amendment to the Constitution protects religious freedom. Petitioner's position was succinctly stated at the hearing on respondent's motion, as follows: I am submitting a memorandum for the court's consideration, so I will make just a few remarks concerning resistance to violence and war as a means of settling conflict and my war tax refusal which is inextricably linked to these commitments. I came late to the nonviolence movement. Growing up in a depression, viewing World War II as a child and adolescent, then Korea as a young woman, and finally Vietnam as a mature woman, I have lived a span of five decades seeing the greater part of my country's resources, money and manpower used to build armaments, develop, produce and stockpile nuclear weaponry, fight, maim and kill. While I had been opposed to war for many years, it wasn't until 1969, during a stay in Sweden and a friendship with an American deserter who had fled there, that I reached an important turning point. When I returned to the United States, I became deeply involved in peace activities. The need to act in accordance with conscience *443 springs from a wholly secular tradition. I attend no church or synagogue. During the last eight years I have striven to translate abstract political and social issues into simple, concrete, daily acts. What can I do to contribute to peace, social and economic justice, justice for minorities? What can I do to reduce poverty, assist the elderly and handicapped in getting their due? What can I do to earn my bread decently, ethically? The money that I have refused to pay the government has been channeled into a People's Life Fund that is working toward some of these ideals. A good part of my time and energy is committed to supporting the Fund and all that it stands for. "There is no way to peace. Peace is the way." A.J. Muste's simple statement sums up my deepest convictions. Petitioner asks that the deficiency be declared null and void. It is respondent's position that the Internal Revenue Code contains no provisions supporting the claimed deduction. While we do not doubt the sincerity of petitioner's beliefs and convictions, the principle is now well established that this petitioner, the same as other taxpayers, is not absolved from any portion of her Federal income *444 tax liability on the basis of religious or moral objections to governmental policies. This is true regardless of whether the objection is phrased with respect to the Constitution of the United States. See Muste v. Commissioner, 35 T.C. 913 (1961); Russell v. Commissioner, 60 T.C. 942, 946 (1973); Egnal v. Commissioner, 65 T.C. 255 (1975); Scheide v. Commissioner, 65 T.C. 455 (1975); Anthony v. Commissioner, 66 T.C. 367 (1976); cf. United States v. Malinowski, 472 F. 2d 850 (3d Cir. 1973), cert. denied 411 U.S. 970 (1973). Petitioner has contributed to a Life Fund that is providing money to New York City groups working toward rebuilding their neighborhoods. Thus, she is attempting to designate the manner in which a portion of her taxes are spent. This Court has no authority to impose any such requirement. Congress has been granted the power to tax and to spend for the general welfare, among other purposes, under Article I, Section 8 of the Constitution. Russell v. Commissioner, supra at 947. Deductions are a matter of legislative grace. A taxpayer *445 is entitled to a deduction only if there is clear provision in the law for it. Here the Internal Revenue Code provides no support for the claimed deduction. Similarly, it does not provide for an exclusion from income or a tax credit.
Accordingly, we will grant respondent's motion to dismiss the petition in this case for failure to state a claim upon which relief can be granted. The deficiency is sustained.
An appropriate order and decision will be entered.